IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW PARROT, | : | Case No. 2:14-CV-01462 |
| | : | |
| Plaintiff, | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| v. | : | Magistrate Judge Kemp |
| | : | |
| DAY TO DAY LOGISTICS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before the Court on the following motions: (1) the motion of Defendant Day to Day Logistics, Inc. ("Day to Day") to Dismiss for Lack of Jurisdiction, or, in the Alternative, to Transfer Venue to the Western District of Virginia, (Doc. 10); (2) the motion of Day to Day to Dismiss the Cross Claim, or in the Alternative Transfer Venue to the Western District of Virginia, (Doc. 13); (3) the motion of Defendant Schneider National Carriers, Inc. ("Schneider") to Change Venue to the Western District of Virginia, (Doc. 15).

The motions pending before this Court are completely identical in form and substance to the motions filed in the related case, *Grubb, et al. v. Day to Day Logistics, Inc.*, *et al*., upon which this Court ruled in a plenary Opinion & Order, filed on July 2, 2015. (No. 2:14-cv-01462, Doc. 43). In both cases, the Plaintiffs are Ohio residents who were involved in the same September 21, 2013 multi-vehicle accident on Interstate I-77 near Fancy Gap, Virginia. Both sets of plaintiffs bring their claims against the same Defendants—Schneider National Carriers, Inc. and Day to Day Logistics, Inc.—both of whom employed truck drivers whom Plaintiffs similarly allege were responsible for the accident, and, thus, the injuries that both sets of plaintiffs incurred.

1

Both sets of plaintiffs filed nearly identical complaints. They both allege that Defendants are subject to the Court's personal jurisdiction pursuant to the Federal Motor Carriers Act ("FMCA"), 49 U.S.C. §13304, under which Day to Day designated and registered an agent for service of process in Ohio. Further, they both allege negligence-based torts, as well as respondeat superior, and negligent hiring, training, supervision, and retention.

For these reasons, on December 19, 2014, the Magistrate Judge held a telephone conference with counsel from both cases and ruled that "[t]hese two cases are consolidated for pretrial purposes only, which shall include resolution of the pending motions," which include the three identical motions detailed, *supra*, "and any discovery." (Doc. 28). The record does not show that either party objected to this ruling. Federal Rule of Civil Procedure 42 governs consolidation of cases and states:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may: **(1)** join for hearing or trial any or all matters at issue in the actions; **(2)** consolidate the actions; or **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42.

In this Court's July 2, 2015 Opinion & Order in the *Grubb* case, which, as stated, resolved Defendants' motions which are literally identical in every way to those filed and pending in this case, the Court addressed in detail all of Defendants' arguments pertaining to jurisdiction, transfer of venue, applicable law, and motions to dismiss Plaintiffs' claims for negligent supervision and training. (*See* Doc. 43 in Case No. No. 2:14-cv-01462). In that Order, the Court declined to dismiss either the complaint or the cross claim on the basis of lack of personal jurisdiction, and declined to transfer venue to Virginia. The Court concluded, however, that Virginia law applied to the case, and that, under Virginia law, Plaintiffs' claims for negligent supervision and training were dismissed.

Both the *Grubb* case and the *Parrot* case share all relevant facts and legal arguments for the purposes of resolving the Defendants' motions to dismiss the complaint and cross-claim for lack of jurisdiction, as well as Defendants' argument that the law of Virginia should apply. Thus, pursuant to this Court's interest in consolidation for the sake of judicial economy, as well as the fact that all relevant facts and arguments are identical in both sets of motions, this Court extends its holding in *Grubb* regarding jurisdiction, choice-of-law, and the dismissal of Plaintiffs' negligent supervision and training claims to this case.

In terms of Defendants' motion to transfer venue, in *Grubb*, this Court applied an intensive fact-based test which weighed both public interest factors of systemic integrity, and private concerns of the parties. The *Grubb* Plaintiffs and the *Parrot* Plaintiff make very similar arguments in opposition to Defendants' identical arguments in favor of transfer, including: Defendants' failure to meet their burden of proof of showing the materiality of out-of-state witnesses or inability to obtain evidence, and the greater weight this Court should give to the Plaintiffs' choice of forum. In the *Grubb* case, however, this Court gave weight to the Plaintiffs' arguments that they were physically and financially unable to travel to Virginia; the Plaintiff in *Parrot* does not make a similar argument. On balance, however, and considering this Court's broad discretion in ruling on a 28 U.S.C. § 1404(a) motion to transfer venue, *see Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009), as well as this Court's interest in consolidating these cases for the purposes of discovery to "avoid unnecessary cost or delay," *see* Fed. R. Civ. P. 42, this Court holds that its ruling in *Grubb* denying transfer of venue also extends to *Parrot*.

Thus, in sum, Day to Day's Motion to Dismiss for Lack of Jurisdiction, or, in the Alternative, to Transfer Venue to the Western District of Virginia is **DENIED**; Day to Day's request to dismiss Plaintiff's claims for negligent supervision and training, however, is

3

**GRANTED**. (Doc. 10). Additionally, Day to Day's Motion to Dismiss the Cross Claim, or in the Alternative Transfer Venue to the Western District of Virginia is **DENIED**. (Doc. 13). Finally, Schneider's Motion to Transfer Venue to the Western District of Virginia is **DENIED**. (Doc. 15).

      **IT IS SO ORDERED.**

<u>s/Algenon L. Marbley</u>
**Algenon L. Marbley**
**United States District Court Judge**

**DATE: August 21, 2015**